MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| ARKADIY ROMALIS, | **06 CV 15538 (RJH)(AJP)** |
| *Plaintiff*, | **FIRST AMENDED COMPLAINT** |
| -against- | |
| COMMUNITY CONNECT, INC., | **ECF Case** |
| *Defendants*. | |

-----------------------------------------------------------------X

Plaintiff Arkadiy Romalis ("Romalis") by his attorneys, Michael Faillace & Associates, P.C,. alleges the following:

## NATURE OF ACTION

1.      This is an employment discrimination action against Community Connect, Inc. ("Community Connect"), for violation of Romalis' rights under the Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. § 2000e, *et seq*.; the New York Human Rights Law, N.Y. Exec. L. §§ 296 et seq.; and the New York City Human Rights Law, N.Y,C.A.C. §§ 8-101 *et seq*.

2.      In violation of federal and state law, Community Connect discriminated against Romalis on the basis of his national origin, as set forth below.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3) (Title VII action), and supplemental jurisdiction over Romalis' state law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to this action occurred in this district.

## PARTIES

5. Romalis was employed by Community Connect as a Senior Quality Assurance Analyst from approximately April 2005 to May 2005.

6. Romalis is of Moldovan origin.

7. Upon information and belief, Community Connect is a Delaware corporation with its headquarters in New York City located at 149 5th Avenue, 10th Floor, New York, New York, 10010, and employs in excess of 15 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about December 12, 2005, Romalis filed a Charge of Discrimination against Community Connect with the New York District Office of U.S. Equal Employment Opportunity Commission ("EEOC").

9. On or about November 8, 2006, Romalis received a Notice of Right to Sue from the EEOC, informing him to file his civil action against Community Connect within (90) ninety days of receipt of the notice.

10. The action in this matter was timely filed on December 29, 2006, within (90) ninety days of Romalis' receipt of the EEOC Notice of Right to Sue.

11. Prior to commencing this action, Romalis served a copy of the Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York in accordance with N.Y.C. Admin. Code 8-502(c).

## FACTS

12. Romalis was hired by Community Connect on or about May 2, 2005 as the Senior Quality Assurance Analyst – Manual Tester in its New York office.

13. As the Senior Quality Assurance Analyst, Romalis was responsible for manual testing on projects to ensure all requirements were met. His duties included the ability to analyze use cases and test execution. Romalis' position required daily interaction with the Production/Technical Teams at Community Connect.

14. Romalis' direct supervisor, Simone Edmonds ("Edmonds"), Director of Quality Assurance, made direct comments to Romalis regarding his accent every time he spoke. When Romalis spoke, Edmonds would disparage his Russian accent. For example, Edmonds constantly told Romalis, "You have a very bad Russian accent. I can't understand you because you are from another country and what you say is not clear."

15. On or about May 16, 2005, Community Connect terminated Romalis' employment. During the termination meeting, Edmonds, Director of Quality Assurance, told Romalis, "You are no good because no one can understand your Russian accent." Romalis asked why his accent had not presented a problem for her during his (4) four hour interview. Edmonds replied, "I heard it and didn't think it would be a problem. But its worse and I regret that I did this because no one can understand your Russian accent."

## COUNT I
### (Violation of Title VII)

16. Romalis repeats and realleges all paragraphs above as if fully set forth herein.

17. At all times relevant to this Complaint, Community Connect was an employer within the meaning of Title VII.

18. In violation of Title VII, Community Connect intentionally discriminated against Romalis by unlawfully terminating his employment based on his national origin.

19. Community Connect's conduct alleged herein was reckless, malicious, and made with callous disregard and deliberate indifference to Romalis' rights.

20. As a result of Community Connect's wrongful conduct, Romalis has suffered and will continue to suffer substantial losses, including loss of past and future earnings, such as employment benefits such as health benefits and company stock options, as well as monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

## COUNT II
### (Violation of New York State Human Rights Law)

21. Community Connect is an employer within the meaning of the New York State Human Rights Law.

22. In violation of the New York State Human Rights Law, Community Connect intentionally discriminated against Romalis by unlawfully terminating his employment based on his national origin.

23. Community Connect's conduct alleged herein was reckless, malicious, and made with callous disregard and deliberate indifference to Romalis' rights.

24. As a result of Community Connect's wrongful conduct, Romalis has suffered and

will continue to suffer substantial losses, including loss of past and future earnings, such as employment benefits such as health benefits and company stock options, as well as monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

## COUNT III
### (Violation of the New York City Human Rights Law)

25. Romalis repeats and realleges all paragraphs above as if fully set forth herein.

26. Community Connect is an employer within the meaning of the New York City Human Rights Law.

27. In violation of the New York State Human Rights Law, Community Connect intentionally discriminated against Romalis by unlawfully terminating his employment based on his national origin.

28. Community Connect's conduct alleged herein was reckless, malicious, and made with callous disregard and deliberate indifference to Romalis' rights.

29. As a result of Community Connect's wrongful conduct, Romalis has suffered and will continue to suffer substantial losses, including loss of past and future earnings, such as employment benefits such as health benefits and company stock options, as well as monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress, and humiliation.

## **PRAYER FOR RELIEF**

WHEREFORE, Romalis respectfully requests that this Court enter judgment in his favor and against Community Connect, and to provide the following relief:

   a. Enjoin and permanently restrain these violations and reinstate Romalis to the position he would have held but for the unlawful conduct;

b.  Direct such affirmative action as is necessary to ensure that the effects of Community Connect's unlawful employment practices are eliminated and do not continue to impair the employment opportunities of Romalis and others affected;

c.  Make Romalis whole for all earnings he would have received but for Community Connect's discriminatory and unlawful treatment, including, but not limited to, wages, health insurance and other fringe benefits, bonuses, pension, back pay, front pay, and other lost employment benefits;

d.  Award Romalis compensatory damages in an amount to be proven at trial;

e.  Award Romalis punitive damages in an amount sufficient to punish and deter Defendants;

f.  Award Romalis expenses incurred in this action, including costs and attorneys fees; and

g.  Enter such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Romalis hereby requests trial by jury on all issues so triable.

Dated: New York, New York
May 4, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200

*Attorneys for Plaintiff*

6